FILED

NOV 28 2023

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY CLERK

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| ALISANDRO "ALEX" FLORES, | § | **SA23CA1472XR** |
| Plaintiff, | § | |
| | § | |
| V. | § | CIVIL ACTION NO. _____ |
| | § | |
| TK ELEVATOR CORPORATION, | § | |
| Defendant. | § | **PLAINTIFF DEMANDS A JURY TRIAL.** |

**PLAINTIFF'S ORIGINAL COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

Now comes ALISANDRO "ALEX" FLORES, hereinafter referred to as Mr. Flores or as the Plaintiff, complaining of TK ELEVATOR CORPORATION, hereinafter referred to as the Defendant or the Company, and as and for his causes of action against said Defendant, Plaintiff would respectfully show the Court as follows:

**JURISDICTION**

(1) This is a civil action brought pursuant to Title VII of the Civil Rights Act of 1964, as amended, (Title VII), 42 U.S.C. § 2000e, et seq., and the Age Discrimination in Employment Act of 1967, as amended, (ADEA), 29 U.S.C. § 621 et seq., wherein the Plaintiff alleges that his former employer, the Defendant, discriminated against him on the basis of his race, Native American, and/or his age. This Court has jurisdiction of this civil action pursuant to 28 U.S.C. §§ 1331 and 1343.

**VENUE**

(2) Venue of this civil action is proper in the Western District of Texas, San Antonio Division.

**PARTIES**

(3) The Plaintiff, ALISANDRO "ALEX" FLORES, is a male citizen of the United States

who resides in Bulverde, Bexar County, Texas. Mr. Flores is 47 years old. At all times material and relevant hereto, Mr. Flores was an "employee" of the Defendant TK Elevator Corporation, as that term is defined at 42 U.S.C. § 2000e(f).

(4)     The Defendant, TK ELEVATOR CORPORATION, is a corporation incorporated under the laws of the State of Delaware, and maintains a place of business at 3600 Thousand Oaks Drive, Suite 210, in San Antonio, Bexar County, Texas. At all times material and relevant hereto, the Defendant was the Plaintiff's "employer," as that term is defined at 42 U.S.C. § 2000e(b).

For purposes of applying the provisions of 42 U.S.C. § 1981a(b), Plaintiff alleges that Defendant has, and had at all times material and relevant hereto, fewer than 101 employees in each of 20 or more calendar weeks.

Said Defendant may be served with summons herein by delivering the same to its registered agent, Prentice Hall Corporation, at 211 E. 7th Street, Suite 620, Austin, Texas 78701.

## FACTS

(5)     The Plaintiff, ALISANDRO "ALEX" FLORES, was most recently employed by the Defendant on October 14, 2019 as a Mechanic, and was terminated by the Defendant on March 15, 2022. Although the stated reason for his termination was "performance issues," the real reason he was terminated is because he is Native American and older than 40 years of age.

(6)     In late 2021 or early 2022, new management came on board in San Antonio, and began treating younger, non-Native American employees more favorably than the Plaintiff. The younger, non-Native American employees were provided with a company truck to drive to and from work, whereas Mr. Flores was not provided a company truck. In addition, Mr. Flores discovered that the younger, non-Native American employees were being paid an hourly wage greater than the

2

hourly wage that was paid to him, even though his position as a Mechanic and his tenure with the Company should have resulted in him being paid more than the younger, non-Native American employees.

(7)    On March 15, 2022, Mr. Flores' supervisor, Collin Porter (who is White or Caucasian, and approximately 27 to 30 years old) paid a visit to the job site where Mr. Flores was working.  The stated purpose of the visit was to terminate Mr. Flores for "performance issues" related to work which had allegedly been completed by Mr. Flores on another job which had been shut down in December of 2021.  Although he was not the Mechanic in Charge on that previous job, and did not personally perform the work with which the alleged "performance issues" were associated, he was nevertheless terminated on March 15, 2022 for that stated reason.  The persons who were actually responsible for the work were younger, non-Native American employees, but they were not terminated.

(8)    On or about November 28, 2022, Mr. Flores filed a charge of discrimination with the San Antonio Field Office of the U.S. Equal Employment Opportunity Commission (the EEOC), naming TK Elevator Corporation, as his employer, and alleging that, on March 15, 2022, he was discharged because of his age and/or his race.

(9)    On September 1, 2023, a Dismissal and Notice of Rights (notice of right to sue) was issued to Mr. Flores by the EEOC, which he received on or about September 1, 2023.

(10)    All jurisdictional prerequisites and conditions precedent to this civil action have occurred or have been satisfied, and this civil action is being timely filed.

## CAUSES OF ACTION

(11)    As and for his cause of action, the Plaintiff ALISANDRO "ALEX" FLORES alleges

that the Defendant TK ELEVATOR CORPORATION unlawfully discharged him from his employment with the Company in violation of Title VII of the Civil Rights Act of 1964 (Title VII), and the Age Discrimination in Employment Act of 1967 (ADEA).

As relief from the violation of Title VII, Mr. Flores seeks to recover all remedies available to him under 42 U.S.C. § 2000e-5, including but not limited to (a) reinstatement to his former position as a Mechanic, (b) back pay, (c) front pay in lieu of reinstatement, (d) interest, (e) attorney's fees and (f) court costs, and, pursuant to 42 U.S.C. § 1981a, he also seeks to recover (g) compensatory damages.

As relief from the violation of the ADEA, Mr. Flores seeks reinstatement or front pay in lieu of reinstatement, back pay, liquidated damages, interest, attorney's fees and court costs.

## JURY DEMAND

(12)    Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands a jury trial of this civil action.

WHEREFORE, PREMISES CONSIDERED, the Plaintiff, ALISANDRO "ALEX" FLORES, respectfully prays that summons be duly issued and served upon the Defendant, TK ELEVATOR CORPORATION, and that, upon final hearing hereof, he shall have and recover judgment of and from said Defendant for the relief requested hereinabove, and for such other and further relief to which he may show himself justly entitled.

Respectfully submitted,

_____
ALISANDRO "ALEX" FLORES

355 Braun Rd.
Bulverde, Texas 78163
(210) 902-3974

**PLAINTIFF PRO SE**

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

**San Antonio Field Office**
5410 Fredericksburg Road, Suite 200
San Antonio, TX 78229
(210) 640-7530
Website: www.eeoc.gov

## <u>DETERMINATION AND NOTICE OF RIGHTS</u>
(This Notice replaces EEOC FORMS 161, 161-A & 161-B)

Issued On: 09/01/2023

**To:** Mr. Alisandro L. Flores III
355 Brand Rd.
BULVERDE, TX 78163

Charge No: 451-2022-03064

EEOC Representative and email:    ESTHER FERREIRA
Federal Investigator
esther.ferreira@eeoc.gov

---

### DETERMINATION OF CHARGE

The EEOC issues the following determination: The EEOC will not proceed further with its investigation and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign-in to the EEOC Public Portal and upload the court complaint to charge 451-2022-03064.

On behalf of the Commission,

for    Norma J. Guzman
Field Director

**Cc:**
Jack Upchurch
TK Elevator Incorporated
4355 EXCEL PKWY STE 800
Addison, TX 75001

Please retain this notice for your records.

Enclosure with EEOC Notice of Closure and Rights (01/22)

# INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC
*(This information relates to filing suit in Federal or State court **under Federal law**. If you also plan to sue claiming violations of State law, please be aware that time limits may be shorter and other provisions of State law may be different than those described below.)*

### IMPORTANT TIME LIMITS – 90 DAYS TO FILE A LAWSUIT

If you choose to file a lawsuit against the respondent(s) named in the charge of discrimination, you must file a complaint in court **within 90 days of the date you *receive* this Notice**. Receipt generally means the date when you (or your representative) opened this email or mail. You should **keep a record of the date you received this notice**. Once this 90-day period has passed, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and the record of your receiving it (email or envelope).

If your lawsuit includes a claim under the Equal Pay Act (EPA), you must file your complaint in court within 2 years (3 years for willful violations) of the date you did not receive equal pay. This time limit for filing an EPA lawsuit is separate from the 90-day filing period under Title VII, the ADA, GINA, the ADEA, or the PWFA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA, the ADEA or the PWFA, in addition to suing on the EPA claim, your lawsuit must be filed within 90 days of this Notice and within the 2- or 3-year EPA period.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. Whether you file in Federal, or State court is a matter for you to decide after talking to your attorney. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Filing this Notice is not enough. For more information about filing a lawsuit, go to https://www.eeoc.gov/employees/lawsuit.cfm.

### ATTORNEY REPRESENTATION

For information about locating an attorney to represent you, go to:
https://www.eeoc.gov/employees/lawsuit.cfm.

In very limited circumstances, a U.S. District Court may appoint an attorney to represent individuals who demonstrate that they are financially unable to afford an attorney.

### HOW TO REQUEST YOUR CHARGE FILE AND 90-DAY TIME LIMIT FOR REQUESTS

There are two ways to request a charge file: 1) a Freedom of Information Act (FOIA) request or 2) a "Section 83" request. You may request your charge file under either or both procedures. EEOC can generally respond to Section 83 requests more promptly than FOIA requests.

Since a lawsuit must be filed within 90 days of this notice, please submit your FOIA and/or Section 83 request for the charge file promptly to allow sufficient time for EEOC to respond and for your review.

**To make a FOIA request for your charge file**, submit your request online at https://eeoc.arkcase.com/foia/portal/login (this is the preferred method).

Enclosure with EEOC Notice of Closure and Rights (01/22)

You may request the charge file up to 90 days after receiving this Notice of Right to Sue. After the 90 days have passed, you may request the charge file only if you have filed a lawsuit in court and provide a copy of the court complaint to EEOC.

For more information on submitting FOIA requests, go to https://www.eeoc.gov/eeoc/foia/index.cfm.

For more information on submitted Section 83 requests, go to https://www.eeoc.gov/foia/section-83-disclosure-information-charge-files.